UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH T. RILEY,

      Petitioner,

v.                                      CASE NO. 6:12-cv-828-Orl-36TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

### ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).   Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.   Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 8).   Petitioner filed a memorandum of law in lieu of filing a reply to the response (Doc. No. 10).

      Petitioner alleges one claim for relief in his habeas petition, challenging the constitutionality of section 893.135, Florida Statutes, based on the reasoning in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[1]   For the following reasons,

_____

[1]In *Shelton*, the district court determined that due to an amendment of the statute in 2002, which eliminated the mens rea as an element of the statute, section 893.13, Florida Statutes, was facially unconstitutional.   802 F. Supp. 2d at 1302-06.

the petition for writ of habeas corpus is denied.

## I.    *Procedural History*

According to the petition, Petitioner was convicted of trafficking in cocaine on August 18, 2011 (Doc. No. 1 at 1).[2]   The trial court sentenced Petitioner to a three-year term of imprisonment.   *Id.*   Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.   Petitioner subsequently filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, arguing that pursuant to *Shelton*, section 893.13 is unconstitutional and his conviction must be reversed.   *Id.* at 6.   The Fifth District Court of Appeal affirmed *per curiam*.   *Id.*

## II.   *Analysis*

To obtain relief under 28 U.S.C. § 2254, Petitioner must show "that the state court decision adjudicating his claims . . . . was contrary to or involved an unreasonable application of, clearly established Supreme Court precedent . . . ." *Philmore v. McNeil*, 575 F.3d 1251, 1255 (11th Cir. 2009); 28 U.S.C. § 2254(d).

Petitioner claims that the trial court erred when it convicted and sentenced him pursuant to section 893.135, Florida Statutes, because that statute is unconstitutional similar to section 893.13, Florida Statutes.   Petitioner relies on the district court's decision in *Shelton* as the basis for his challenge.   Petitioner's challenge to the legality of his conviction and sentence is foreclosed by the Eleventh Circuit Court of Appeals'

---

[2]An appendix has not been filed in this action; however, the petition may be resolved without an appendix.   The facts set forth in this Order are derived from the petition and documents attached to the petition.

opinion in *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), in which the appellate court reversed the district court's decision.   Therefore, Petitioner is not entitled to relief on his claim.   *See Collins v. Sec'y, Dep't of Corr.*, 507 F. App'x 915, 916 (11th Cir. 2013) (affirming the dismissal of a habeas petition based on the Eleventh Circuit's decision in *Shelton*); *Johnson v. Sec'y, Dep't of Corr.*, No. 6:12-cv-572-Orl-19DAB, 2012 WL 6522750, at *1 (M.D. Fla. Dec. 14, 2012) (holding the petitioner's claim was foreclosed by the Eleventh Circuit's decision in *Shelton*); *State v. Adkins*, 96 So. 3d 412 (Fla. 2012) (upholding the constitutionality of section 893.13, Florida Statutes).

Petitioner does not cite to any Supreme Court precedent which has held that section 893.135, Florida Statutes, is unconstitutional.   Consequently, Petitioner cannot demonstrate that the state court's denial of his claim was contrary to, or resulted in an unreasonable application of, clearly established federal law.   Accordingly, Petitioner's claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing,

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Joseph T. Riley (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of August, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 8/27
Counsel of Record
Joseph T. Riley